UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00388-FDW-SCR

| ERICA HORNE, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | **ORDER** |
| EXPERIAN SERVICES CORP., EQUIFAX INC., AND TRANSUNION, LLC, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Judgment on the Pleadings, (Doc. No. 16), which was filed on October 31, 2023. On November 7, 2023, the Court entered an Order advising Plaintiff, who appears pro se, of her right to respond to the motion, as well as the burden she carries in so responding, (Doc. No. 18). The Court also allowed Plaintiff until November 27, 2023, to respond, and explicitly noted in two places in the Order that "Plaintiff's failure to respond may result in Defendants being granted the relief they seek." (Doc. No. 18, pp. 1, 3). Plaintiff failed to file a response, and the time for doing so has long expired. For the reasons set forth below, Defendants' Motion is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.

Plaintiff filed the instant action purporting to assert claims against Experian, Trans Union and "Equifax Inc."[1] for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). (Doc. Nos. 2, 5.) Defendants Experian Information Solutions, Inc. (erroneously sued as Experian Services Corp. and hereafter, "Experian") and Trans Union LLC (incorrectly designated as TransUnion LLC and hereafter "Trans Union") move for dismissal pursuant to Rule

---
[1] To date, no appearance has been made in this action by "Equifax, Inc."

1

12(c) of the Federal Rules of Civil Procedure and contend the Complaint fails to specify which section of the FCRA was violated, contains wholly conclusory allegations, and fails to provide any factual details as to the alleged violations.

A.     Standard of Review

A rule 12(c) motion tests whether a pleading is legally and factually sufficient. See, e.g., United States v. Cox, 743 F. App'x 509, 511 (4th Cir. 2018) (per curiam) (unpublished); Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). "Thus judgment on the pleadings requires a court to accept all well-pleaded allegations as true and draw all reasonable factual inferences from those facts in the non-moving party's favor." Cox, 743 F. App'x at 511 (cleaned up); see Drager, 741 F.3d at 474; Edwards, 178F.3d at 244. A court need not accept a pleading's legal conclusions drawn from the facts. See Iqbal, 556 U.S. at 678-79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id. (quotation omitted).

Judgment on the pleadings is appropriate when the well-pleaded factual allegations in the complaint and the uncontroverted allegations in the answer, along with any documents attached to the pleadings, show that the court can decide the case as a matter of law. See Massey, 759 F.3d at 353; Drager, 741 F.3d at 474; Firemen's Ins. Co. v. Glen-Tree Invs., LLC, No. 7:11-CV-59, 2012 WL 4191383, at *4 (E.D.N.C. Sept. 19, 2012) (unpublished). If a non-moving party demonstrates that there are disputed issues of material fact, "the motion should be denied or, if the motion is converted to one for summary judgment, the parties should be given 'a reasonable opportunity to present all the material that is pertinent to the motion.'" Silva v. Connected Invs., Inc., No. 7:21-CV-74, 2021 WL 4222592, at *2 (E.D.N.C. Sept. 16, 2021) (unpublished) (quoting Fed. R. Civ.

P. 12(d)); see Nationwide Mut. Ins. Co. v. Wahome, No. 5:15-CV-601, 2018 WL 4689443, at *4 (E.D.N.C. Sept. 28, 2018) (unpublished).

Some additional considerations apply here because Plaintiff appears pro se. Pro se filings are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). A "pro se complaint[ ] should not be dismissed summarily unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957) (quotation marks omitted)).

However, even pro se complaints must "contain more than labels and conclusions" to survive a Rule 12 motion. Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)) (dismissing pro se complaint). Importantly, the "'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

B. Motion to Dismiss

This Court grants the motion to dismiss pursuant to 12(c) because Plaintiff's factual allegations, taken as true and liberally construed, are insufficient to state a plausible claim under the FCRA. "Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007) (citing Pub. L. No. 91-508, § 602, 84 Stat. 1128 (codified as amended at 15 U.S.C. § 1681)). "To this end, FCRA requires [credit reporting agencies, ('CRAs')] to follow procedures in reporting consumer credit information that both 'meet[ ] the needs of commerce'

and are 'fair and equitable to the consumer.'" Saunders v. Branch Banking & Tr. Co., 526 F.3d 142, 147 (4th Cir. 2008) (second set of brackets in original) (quoting 15 U.S.C. § 1681(b)).

Since the Complaint alleges the named Defendants "negligently and/or willfully failed to follow reasonable procedures" and failed to investigate disputed information, it appears that Plaintiff is proceeding under sections 1681e(b) and/or 1681i of the FCRA. "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). FCRA § 1681i(a)(1) requires a credit reporting agency to investigate within 30 days if a consumer disputes the accuracy of any item of information on a consumer report. 15 U.S.C. § 1681i(a)(1). The agency may determine such a complaint is frivolous, but it must provide notice of such a determination within 5 business days. § 1681i(a)(3)(A-B).

Sections 1681e(b) and 1681i of the FCRA require a plaintiff to plead—and ultimately prove—an inaccuracy in her credit report or credit file. Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001); Perry v. Toyota Motor Credit Corp., No. 1:18CV34, 2019 WL 332813, at *4 (W.D. Va. Jan. 25, 2019). "[A]s under § 1681e(b), a consumer alleging a violation of § 1681i 'must first show that his credit file contains inaccurate or incomplete information.'" Perry, 2019 WL 332813, at *4 (quoting Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009)) (internal quotation and citation omitted).

Here, Plaintiff does not have a valid claim under either § 1681(i) or § 1681e(b) because she has failed to sufficiently plead an inaccuracy. See, e.g., Dauster v. Household Credit Servs., 396 F. Supp. 2d 663, 665 (E.D. Va. 2005) (citing Dalton v. Capital Assoc. Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001)) (dismissing section 1681e(b) claim); Jones v. City Plaza, LLC, No.

4

1:19CV924, (M.D.N.C. Apr. 29, 2020) (citing <u>Hinton v. Trans Union</u>, LLC, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009)) (dismissing section 1681i claim). To the extent Plaintiff's Complaint contains a general allegation of inaccuracy with respect to "a tradeline by Credit Acceptance Corp.," absent allegations particularizing the inaccuracies, "[t]here is simply no factual support in the complaint on which the Court could evaluate the merits of Plaintiff's claims." <u>Brown v. Equifax Inc.</u>, No. 5:19-CV-78-BO (E.D.N.C. Apr. 24, 2019) (dismissing FCRA claim where "there is no factual support . . . for the allegation that plaintiff's credit file contains inaccurate information"); <u>see also</u> <u>Dawkins v. Experian Info. Sols., Inc</u>., No. 6:22-CV-00774, (D.S.C. Oct. 19, 2022), <u>report and recommendation adopted</u>, No. 6:22-CV-774-TMC (D.S.C. Dec. 1, 2022). Accordingly, dismissal is appropriate pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

C.  Rule 41(b) of the Federal Rules of Civil Procedure

Alternatively, the Court concludes Rule 41(b) of the Federal Rules of Civil Procedure also provides a basis for dismissal of Plaintiff's Complaint. Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Thus, a complaint may be dismissed pursuant to Rule 41(b) for a plaintiff's failure to prosecute the action and/or failure to comply with orders of the court. <u>See Leatherman v. Belk, Inc.</u>, No. 520CV00169KDBDCK, 2021 WL 848176, at *1 (W.D.N.C. Mar. 5, 2021) (citing <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989) (upholding dismissal of pro se plaintiff's claims, and noting that pro se litigants, like other litigants, "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible")). Courts need not await a motion by a defendant and may proceed sua sponte in dismissing a complaint

pursuant to Rule 41(b). See Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party).

The Fourth Circuit instructs that "sound public policy favors deciding cases on their merits and therefore . . . the power to dismiss must be exercised 'with restraint.'" Sorto v. AutoZone, Inc., 821 F. App'x 188, 194–95 (4th Cir. 2020) (quoting Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978)). To that end, district courts evaluating dismissal under Rule 41(b) are required "to consider not only 'the effectiveness of sanctions less drastic than dismissal' but also 'the plaintiff's degree of personal responsibility,' 'the amount of prejudice caused the defendant,' and 'the presence of a drawn out history of deliberately proceeding in a dilatory fashion.'" Id. (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Under this record, consideration of the factors necessary to dismiss a case under Rule 41(b) weighs in favor of dismissal. See Yates v. Town of Wallace, NC, No. 7:21-CV-00012-M, 2021 WL 2004783, at *2 (E.D.N.C. May 19, 2021) ("The court finds that a lesser sanction would not be effective in this case; Plaintiff has been warned twice that his complaint may be dismissed, but he has failed to comply with court orders and rules. Plaintiff proceeds in this action pro se and, thus, the responsibility for prosecuting this action is solely his."); Leatherman v. Belk, Inc., No. 520CV00169KDBDCK, 2021 WL 848176, at *1 (W.D.N.C. Mar. 5, 2021) ("Plaintiff is proceeding pro se so she is entirely responsible for her actions. It is solely through Plaintiff's choice, and not any neglect of an attorney, that Plaintiff has not responded to Defendant's motion or the Court's Roseboro Order requiring her to respond. The undersigned thus concludes the Plaintiff has abandoned her lawsuit. No other reasonable sanctions are available.").

Here, the Court highlights Plaintiff's history of noncompliance with this Court's orders beyond her failure to respond timely to the instant motion. See Horne v. Experian Services Corp., 3:22-cv-669 (Doc. Nos. 3, 7). And, this is the second case Plaintiff has filed against these Defendants and deliberately proceeded in a dilatory fashion. Id. Plaintiff's continued inaction in this case demonstrates she has abandoned her claims. Accordingly, no other reasonable sanctions are available, and dismissal for failure to prosecute is appropriate.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings, (Doc. No. 16), is GRANTED, and the Complaint is DISMISSED pursuant to Rules 12(c) and 41(b) of the Federal Rules of Civil Procedure without prejudice and without leave to amend. The Clerk is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: January 11, 2024

_____
Frank D. Whitney
United States District Judge